# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM BOYKO,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    **No. 17-1030** (BOR Appeal No. 2051995)
(Claim No. 2016014570)

**SPEED MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Boyko, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Speed Mining, LLC, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on December 16, 2015. The Office of Judges affirmed the decision in its May 22, 2017, Order. The Order was affirmed by the Board of Review on October 24, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Boyko, an airway walker, was injured in the course of his employment on July 13, 2015, when he walked into a roof bolt and was knocked onto his back. A December 2, 2015, MedExpress treatment note by Kate Wilks, M.D., indicates Mr. Boyko reported an injury to his neck. He stated that on July 13, 2015, he walked into a bolt and was knocked onto his back. This was the first medical evaluation since the incident. Mr. Boyko reported no history of back problems. He stated that the pain in his neck had worsened in the past three weeks due to a

1

change in jobs and more heavy lifting. Cervical and lumbar x-rays showed degenerative changes. Dr. Wilks diagnosed lumbar and neck sprains[1].

The employee's and physician's report of injury completed on December 2, 2015, indicates Mr. Boyko injured his neck on July 13, 2015, when he walked into a roof bolt causing the back of his neck and arm to tingle. The blow knocked him to the ground but he did not lose consciousness. The diagnoses were listed as cervical and lumbar sprains. The claims administrator rejected the claim on December 16, 2015.

In a January 16, 2016, statement, Randy Boggs, Safety Manager, indicated that an accident report was on file pertaining to Mr. Boyko's July 13, 2015, incident. The description of the accident states that Mr. Boyko was walking out of a maintenance hole and hit his head on a roof bolt, causing a neck strain.

On June 7, 2016, Mr. Boyko testified in a deposition that on July 13, 2015, he was walking in a low area when he hit his head on a roof bolt. The force knocked him onto his back. He felt tingling in his left arm for thirty to forty seconds. He was wearing a hard hat at the time. Mr. Boyko stated that there were two witnesses. He reported the incident to the safety man, Randy Boggs, and stated that he hurt his neck. Mr. Boyko asserted that he knew he injured something at the time due to the tingling in his arm and neck, and he filed an incident report in case he had further problems. He stated that he requested a copy of the incident report from Mr. Boggs but was refused. Instead, Mr. Boggs provided a statement and has since left the company. Mr. Boyko's counsel noted that he was unable to obtain a copy of the incident report since the company went out of business. Mr. Boyko testified that he missed no work due to the incident and did not seek treatment until December of 2015. He explained that Speed Mining, LLC, changed hands and became Black Hawk Mining. He was given a job with Black Hawk Mining but was unable to perform his new job duties. He asserted that he requested to be laid off since he could not do the job. Mr. Boyko stated that he sustained a second injury on November 20, 2015, to his knees and lower back but did not file a claim because he thought it would get better. He sought treatment on December 2, 2015, for the July 13, 2015, incident as well as the November 20, 2015, incident. At the hospital, he could not remember the date of his July injury so he called Mr. Boggs, who looked up the injury report and informed him of the date. Mr. Boyko admitted that when he made the initial claim at issue, he accidentally included the lower back.

In a February 8, 2016, letter Mr. Boyko again asserted that he contacted the employer on July 13, 2015, and reported the injury to Randy Boggs. He stated that the injury was persistent but he kept working. The pain did not subside so he decided to seek treatment while he was still within the six month time frame. He asserted that he requested a layoff from Black Hawk Mining because the new job he was moved to aggravated his neck, back, and knees.

---

[1] Mr. Boyko stated in a deposition that he erroneously included the lower back in the subject claim. The lower back injury was actually part of a separate claim.

The claims administrator rejected the claim on December 16, 2015. The Office of Judges affirmed the decision in its May 22, 2017, Order. It found that the statement of Mr. Boggs regarding the incident report filed was persuasive evidence that Mr. Boyko did in fact file an incident report on July 13, 2015. The Office of Judges determined that the fact that he did not seek treatment for five months was evidence against a ruling of compensability even though he sought treatment within the six month time frame. The Office of Judges noted that Mr. Boyko visited his treating physician on two occasions between July 13, 2015, and December 2, 2015, and did not mention neck pain at either visit. Also, he alleged that there were two witnesses to the incident but did not get statements from either person.

Speed Mining, LLC, argued per West Virginia Code § 23-4-1c(a)(2)(B) (2009) that the fact that Mr. Boyko was laid off prior to seeking treatment for the alleged July 13, 2015, injury is evidence that an injury did not occur. The Office of Judges determined that Mr. Boyko explained in his testimony that he was aware that layoffs were going to happen but he was offered a job from Black Hawk Mining. He then asked to be laid off from that job because his new job duties aggravated his neck, back, and knees. The Office of Judges found Mr. Boyko's explanation to be persuasive. However, the Office of Judges concluded that Mr. Boyko had still failed to present persuasive evidence in support of his claim. The lack of objective medical evidence supporting a work-related cervical spine injury was given great weight. Further, x-rays of the cervical spine taken on December 2, 2015, showed degenerative changes, which the Office of Judges reasoned could easily be the cause of his symptoms rather than an injury five months prior that required no treatment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2017.

After review, we find that the Board of Review's decision is based upon material misstatements or mischaracterizations of the evidentiary record. Mr. Boyko showed by persuasive evidence that he sustained an injury on July 13, 2015. He reported the injury to his supervisor and filed an incident report. He then had six months in which to seek treatment, and he did, in fact, seek treatment for the injury within that time frame. He then completed an employee's and physician's report of injury with the physician's section filled out by Dr. Wilks indicating Mr. Boyko sustained a cervical sprain while at work. Mr. Boyko followed proper protocol for filing a workers' compensation claim and provided sufficient evidence to show that he sustained a cervical sprain in the course of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable for cervical sprain.

Reversed and Remanded.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Robin J. Davis